IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NATIONAL FIRE & MARINE INSURANCE COMPANY, ) ) ) | |
| Plaintiff, ) ) | Case No. 21 C 3653 |
| v. ) ) | Magistrate Judge M. David Weisman |
| GLENCREST HEALTHCARE & REHABILITATION CENTRE, Ltd., et al., ) ) ) ) ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion to Compel [75]. For the reasons set forth below, the Court grants in part and denies in part, Plaintiff's motion.

**Background**

This case stems from an insurance coverage dispute between Plaintiff, National Fire & Marine Insurance Company ("National Fire"), and its insured, Defendant GlenCrest HealthCare & Rehabilitation Centre, Ltd. ("GlenCrest"). GlenCrest incurred a judgment in a lawsuit filed by Defendant Frank Hays, as Administrator of the Estate of Sarah Quinn, Deceased ("Hays") in the Circuit Court of Cook County, Case No. 17 L 011002 (the "Hays Lawsuit"). National Fire seeks a declaration that it owes no coverage to GlenCrest with respect to the Hays Lawsuit judgment, because GlenCrest allegedly failed to meet its self-insured retention, breached the cooperation clause, and because the judgment includes non-covered elements, such as attorneys' fees and expenses.

The instant motion relates to a multitude of written discovery requests issued by National Fire to Hays and GlenCrest, respectively. National Fire asserts that both defendants must supplement their respective responses. Hays filed a written response to the motion, while GlenCrest failed to submit any response.

**Discussion**

I.  Local Rule 37.2 Compliance

The Northern District of Illinois Local Rule 37.2 provides that:

"To curtail undue delay and expense in the administration of justice, this court shall hereafter refuse to hear any and all motions for discovery and production of documents under Rules 26 through 37 of the Federal Rules of Civil Procedure, unless the motion includes a statement (1) that after consultation in person or by telephone and good faith attempts to resolve differences they are unable to reach an accord, or (2) counsel's attempts to engage in such consultation were unsuccessful due to no fault of counsel's. Where the consultation occurred, this statement shall recite, in addition, the date, time and place of such conference, and the names of all parties participating therein. Where counsel was unsuccessful in engaging in such consultation, the statement shall recite the efforts made by counsel to engage in consultation."

National Fire includes a Local Rule 37.2 statement within its motion. Specifically, National Fire describes email communications it had with both defendants' counsel concerning the discovery disputes. Next, National Fire claims that on July 24, 2023, National Fire's counsel had phone conversations with both defendants' counsel concerning the alleged deficient discovery responses. National Fire asserts that, following those phone calls, neither defendant supplemented their productions.

Hays posits that we should decline to decide National Fire's motion because National Fire failed to comply with Local Rule 37.2.[1] Specifically, Hays argues that: National Fire

---

[1] GlenCrest did not file any written response to this motion and therefore makes no argument as to compliance with Local Rule 37.2. Accordingly, without any indication to the contrary, we find that National Fire complied with Local Rule 37.2 with respect to GlenCrest, based on the representations in National Fire's motion.

brought the instant motion in retaliation for Hays bringing his own motion to compel; National Fire's counsel's email communications regarding the instant discovery dispute were terse and untimely; and, during the parties' phone conference regarding Hays' discovery responses, National Fire's counsel purportedly offered no compromise. Hays provides exhibits showing the email communications between National Fire's counsel and Hays' counsel regarding the disputes, including an email summary Hays' counsel sent National Fire's counsel following the parties' July 24, 2023, phone conference. *See* ECF 76-1 – ECF 76-5.

The Court finds that National Fire complied with Local Rule 37.2 Although National Fire's counsel may have articulated his positions in a terse and belated manner via email, the record shows that a substantive phone conversation occurred between National Fire's counsel and Hays' counsel on July 24, 2023. Indeed, the email summary of this phone conversation indicates that the parties discussed several of Hays' objections to the discovery requests, and that the parties made some headway in resolving disputes. For instance, the email summary reflects that National Fire's counsel expressed willingness to reconsider Hays' relevance objection to Interrogatory 5. The phone conversation appears to have resolved that discrete issue; National Fire does not include Interrogatory 5 within its motion to compel. Additionally, as to Interrogatories 11, 12, and 13, the email summary demonstrates that National Fire's counsel agreed with Hays that these interrogatories were irrelevant. Consequently, the instant motion does not include these interrogatories.

Thus, in direct contradiction to Hays' assertion that National Fire's counsel did not offer *any* compromise during their meet-and-confer phone conference on July 24, 2023, the record says otherwise. The parties were able to resolve some disagreements during the meet and confer, which evidences good faith. *C.f. Chicago Regional Council of Carpenters Pension Fund v.*

*Celtic Floor Covering, Inc.*, 316 F.Supp.3d 1044, 1046 (N.D. Ill. 2018) ("An ultimatum on one side, met with steadfast defiance on the other, is not a good faith discussion."). As to Hays' assertion that the motion was brought in a retaliatory manner, this is pure speculation. Hays fails to meaningfully elaborate on this allegation, and the argument is therefore waived. *See Boyd v. Owen*, 481 F.3d 520, 524-25 (7th Cir. 2007). For all these reasons, we find that National Fire complied with Local Rule 37.2. The instant motion is ripe for decision.[2]

## II. The Underlying Discovery Requests and Responses

Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "A party seeking such discovery should point to something that demonstrates that the requested documents are both relevant and proportional to the needs of the case, as Rule 26 dictates." *Allstate Ins. Co. v. Electrolux Home Prod., Inc.*, 2017 WL 5478297, at *4 (N.D. Ill. 2017); *see also Autotech Techs. Ltd. Partnership v. Automationdirect.com, Inc.*, 235 F.R.D. 435, 440 (N.D. Ill. 2006) ("The initial inquiry in enforcement of any discovery request is one of relevance."). "The Supreme Court has cautioned that the requirement of Rule 26(b)(1) that the material sought in discovery be 'relevant' should be firmly applied, and the district courts should not neglect their power to restrict discovery where necessary." *Miller UK Ltd. v. Caterpillar, Inc.*, 17 F. Supp. 3d 711, 721 (N.D. Ill. 2014) (quoting *Herbert v. Lando*, 441 U.S. 153, 177 (1979)). "Relevance is not presumed." *Kinion Surface Design v. Hyatt International Corp.*, 2021 WL 3511312, at *3 (N.D. Ill. 2021).

Federal Rule of Civil Procedure 26(b)(5) provides that:

---

[2] Moreover, this case is proceeding through expedited discovery with a quickly approaching discovery deadline. Such a posture militates in favor of resolving the discovery dispute on the merits as soon as practicable.

> "[w]hen a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must: (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."

Fed. R. Civ. P. 26(b)(5).

### A. The Discovery Requests to Defendant Hays[3]

<u>Interrogatories 9, 10, 14, and Requests to Produce 6 and 27</u>[4]

Interrogatory 9 asks Hays to identify all communications Hays had with GlenCrest with respect to the Hays Lawsuit. Interrogatory 10 asks Hays to identify all communications Hays had with GlenCrest with respect to the instant lawsuit. Interrogatory 14 asks Hays to identify all communications Hays had with any attorney representing GlenCrest in the Hays Lawsuit. Requests to Produce 6 and 27 seek, with respect to the Hays Lawsuit, all documents relating to communications Hays had with GlenCrest (#6), and any attorney representing GlenCrest (#27). Hays objected to all of these requests on, *inter alia*, relevancy grounds.

National Fire posits that Hays' relevancy objections are "without merit," because Hays and his counsel's communications with GlenCrest and its counsel are relevant to the cooperation issue in this case. However, National Fire fails to elaborate on this legal conclusion. Hays points out that Hays owed National Fire no duty to cooperate in the Hays Lawsuit. Accordingly, Hays contends that his communications with GlenCrest are not relevant to whether GlenCrest cooperated with National Fire under the applicable insurance policy. Without any further explanation from National Fire, we agree with Hays. National Fire utterly failed to establish that

---

[3] See ECF 75-5 for Hays' objections and responses to National Fire's First Set of Interrogatories. See ECF 75-6 for Hays' objections and responses to National Fire's first set of requests for production.
[4] In the motion, which can charitably be described as disordered, National Fire groups together certain discovery requests within its analysis. Thus, we address those groupings in turn.

these requests seek relevant information. *See Art Akiane LLC V. Art & Soulworks LLC*, 2020 WL 5593242, at * 3 (N.D. Ill. 2020) (Cole, J.) ("There are no explanations given or arguments presented. It is just a list. And while I could grant a motion supported by an appropriate memorandum, with citations to the record and supported by pertinent authority, I ought not and cannot grant a list like the one provided."); *see also Fednav Int'l Ltd. v. Cont'l Ins. Co.*, 624 F.3d 834, 842 (7th Cir. 2010) ("We will not fill th[e] void by crafting arguments and performing the necessary legal research" on behalf of either side.).[5] Thus, Hays need not answer Interrogatories 9, 10, 14, nor Requests to Produce 6 and 27.

## Requests to Produce 14 and 28

Request to Produce 14 seeks all documents relating to Hays' withdrawal of the jury demand in the Hays Lawsuit. Request to Produce 28 seeks all documents relating to Hays' waiver of the jury demand in the Hays Lawsuit. Hays objected to these requests on grounds of, *inter alia*, relevance. National Fire argues that the withdrawal of the jury demand in the Hays Lawsuit is relevant to the cooperation issue in the case. Again, National Fire fails to elaborate. It remains unclear how *Hays' actions* in the underlying lawsuit are relevant to the instant coverage dispute between National Fire and its insured, GlenCrest. We cannot presume relevance.[6] *See Kinion Surface Design* at *3. Thus, because National Fire has not established relevance, Hays need not answer Requests to Produce 14 and 28.

---

[5] We realize that Hays communication with GlenCrest might be relevant in assessing when, what, and how GlenCrest should have been cooperating with National Fire. National Fire does not explain this type of relevance at any level of detail. Moreover, for part of the litigation with Hays, as we understand the case, National Fire's approved counsel was representing GlenCrest. Thus, communications between Hays and GlenCrest during that period of time would seemingly have no relevance. The point, of course, is that the Court's job is not to create arguments for National Fire.

[6] See footnote 5, *supra*.

Interrogatory 16 and Requests to Produce 15 and 29

Interrogatory 16 seeks all communications Hays had with any expert witnesses relating to the Hays Lawsuit. Request to Produce 15 seeks all documents relating to communications with any expert witnesses relating to the Hays Lawsuit.[7] Hays objected to these requests on grounds of, *inter alia*, relevance. The same pattern applies here. National Fire asserts this information is relevant to the cooperation issue in the case, but does not elaborate. In turn, we again find that National Fire failed to meet its burden in showing that this information is relevant. *See id.*; *see also United States v. 5443 Suffield Terrace, Skokie, Ill.*, 607 F.3d 504, 510 (7th Cir. 2010) ("saying so doesn't make it so…"). Thus, Hays need not answer Interrogatory 16 and Requests to Produce 15 and 29.

Whether Hays Must Produce Any Privilege Logs

As a final matter with respect to Hays' discovery answers, National Fire complains that Hays invoked the attorney-client privilege and the work-product privilege in response to some of the aforementioned requests but failed to produce privilege logs. However, because National Fire failed to demonstrate that any of the underlying discovery requests sought relevant or otherwise discoverable information, Hays was not required to produce a privilege log. *See*. Fed. R. Civ. P. 26(b)(5)(A) ("When a party withholds information *otherwise discoverable* by claiming that the information is privileged or subject to protection as trial-preparation material, the party must: (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.")

---

[7] Request to Produce 29 is duplicative of Request to Produce 15.

(emphasis added). Because National Fire has failed to show that any of the requested documents were "otherwise discoverable," Hays need not produce any privilege log.

### B. The Discovery Requests to Defendant GlenCrest[8]

#### Interrogatories 9, 10, and 14; and Requests to Produce 6, 22, 23, and 26

Interrogatories 9 and 10 ask GlenCrest to identify all communications it had with Hays with respect to: the Hays Lawsuit (#9); and the instant lawsuit (#10). GlenCrest answered both interrogatories by stating that Hays is a represented party, and therefore GlenCrest had no communications with Hays as to either lawsuit. National Fire contends these responses are improper because those interrogatories "also cover communications with counsel for both GlenCrest and Hays." However, National Fire fails to explain why it believes a request that only references "communications with Hays" would also cover communications GlenCrest (or its counsel) had with Hays' *counsel*.[9] National Fire cites to no pertinent legal or factual authority for this proposition. Accordingly, this underdeveloped argument is waived. *See Boyd v. Owen*, 481 F.3d 520, 524-25 (7th Cir. 2007). GlenCrest need not provide any additional response to Interrogatories 9 and 10.[10]

#### Interrogatories 11 and 12

Interrogatory 11 seeks identification of all payments made by GlenCrest with respect to the Hays Lawsuit. GlenCrest answered as follows: "Objection, unclear. Without waiving, loss

---

[8] See ECF 75-7 for GlenCrest's responses and objections to National Fire's interrogatories. See ECF 75-8 for GlenCrest's responses and objections to National Fire's requests to produce.
[9] In fact, National Fire's interrogatories to Defendant GlenCrest define "Hays" as "Defendant Frank Hays, as Administrator of the Estate of Sarah Quinn." ECF 75-3 at p. 2. That definition does not expressly include Hays' counsel.
[10] Despite also referencing Interrogatory 14, and Requests to Produce 6, 22, 23, and 26 in paragraph 12 of its motion, National Fire does not further analyze those requests nor GlenCrests' answers to those requests. Thus, National Fire waived any arguments as to those discovery requests. GlenCrest need not further answer Interrogatory 14 nor Requests to Produce 6, 22, 23, and 26.

run reports reflect that GlenCrest paid $470057.11 to Langhenry Gillen Lundquist and Johnson, LLC, and $6415.11 in fees. It incurred expenses of $93,602.39 during the pendency of Langhenry's representation. Glencrest also paid Charles Aaron Silverman." Interrogatory 12 seeks an identification of all invoices relating to the Hays' Lawsuit. GlenCrest responded as follows: "Objection, unduly burdensome and not tailored to lead to the discovery of admissible evidence. Without waiving, see Answer #10 above."

In its motion, National Fire states that it seeks payment information and invoices for GlenCrest's payments to Attorney Silverman. GlenCrest did not respond to the motion.

The Court rules as follows. As to Interrogatory 11, GlenCrest must provide the total amount it paid to Attorney Silverman with respect to the Hays Lawsuit.[11] As to Interrogatory 12, GlenCrest's boilerplate objections are insufficient. *See Kinion Surface Design* at *3 ("Unsupported, unamplified, boilerplate objections, like "overly broad" or "unduly burdensome" will not be countenanced; they are tantamount to making no objections at all.") (collecting cases). GlenCrest must therefore identify invoices relating to payments it made to the Langhenry firm and Attorney Silverman with respect to the Hays Lawsuit, pursuant to Interrogatory 12. These supplemental responses must be completed by August 18, 2023.

Interrogatory 13

This interrogatory seeks an identification of all communications GlenCrest had with any attorney representing GlenCrest with respect to the Hays Lawsuit. GlenCrest objected solely

---

[11] If GlenCrest was able to provide a precise, total payment amount with regard to the payments it made to the Langhenry firm, it should also be able to provide the total amount it paid to Attorney Silverman regarding the Hays Lawsuit.

based on attorney-client privilege.[12] National Fire complains that no privilege log was produced. Accordingly, to the extent responsive information exists, GlenCrest is ordered to produce an appropriate privilege log by August 18, 2023. *See* Fed. R. Civ. P. 26(b)(5). *See also Heller v. City of Dallas*, 303 F.R.D. 466, 486 (N.D. Tex. 2014) ("[A] party may properly raise and preserve an objection to production of documents in response to a specific document request or interrogatory by objecting 'to the extent' that the requests seeks privileged materials or work product, so long as the responding party also provides the information required by Rule 26(b)(5)(A))."[13]

## Interrogatory 16 and Request to Produce 29

Interrogatory 16 seeks an identification of all communications GlenCrest had with expert witnesses relating to the Hays Lawsuit. Request to Produce 29 seeks all documents relating to communications with any expert witnesses relating to the Hays Lawsuit. GlenCrest objected to Interrogatory 16 solely on the basis of work-product privilege. GlenCrest objected to Request to Produce 29 on the basis that it was duplicative of Request to Produce 14 (which appears to be correct). GlenCrest responded to Request to Produce 14 simply by stating: "None."

National Fire complains that no privilege log was produced. Accordingly, to the extent responsive information exists, GlenCrest is ordered to produce an appropriate privilege log in

---

[12] Because GlenCrest did not object on relevance grounds, National Fire was not required to establish the relevance of this interrogatory.

[13] The Court acknowledges that the underlying interrogatory does not ask for a *production* of communications, but rather an *identification* of communications. The ordered production of a privilege log therefore serves dual purposes. The privilege log will facilitate a proper identification of responsive privileged communications (which will ostensibly satisfy National Fire), while also preserving GlenCrest's claimed privilege. *See also Potts v. Allis-Chalmers Corp.*, 118 F.R.D. 597, 601 (N.D. Ind. 1987) (ordering an *identification* of purportedly privileged documents in response to an interrogatory) ("A claim of privilege must be made on a statement-by-statement or document-by-document basis; a blanket claim of privilege is not acceptable.") (emphasis added); *Willemijn Houdstermaatschaapij BV v. Apollo Computer Inc.*, 707 F. Supp. 1429, 1439 (D. Del. 1989) ("When responding to an interrogatory, claims of attorney-client privilege and work product protection do not excuse a party from specifically identifying the allegedly privileged item.").

response to Interrogatory 16 and Requests to Produce 14 and 29. *See* Fed. R. Civ. P. 26(b)(5). *See also Heller v. City of Dallas*, 303 F.R.D. 466, 486 (N.D. Tex. 2014) ("[A] party may properly raise and preserve an objection to production of documents in response to a specific document request or interrogatory by objecting 'to the extent' that the requests seeks privileged materials or work product, so long as the responding party also provides the information required by Rule 26(b)(5)(A)).[14]

Request to Produce 11

Request to Produce 11 seeks all documents relating to retention of any of GlenCrest's attorneys with respect to the instant lawsuit. GlenCrest objected, *inter alia*, on the basis of relevance and attorney-client privilege. As to relevancy, National Fire asserts that this information "is relevant to the issues in this case." National Fire does not elaborate. Accordingly, National Fire has failed to meet its burden to show how this information is relevant to the underlying claims in this litigation. *See United States v. 5443 Suffield Terrace, Skokie, Ill.*, 607 F.3d 504, 510 (7th Cir. 2010) ("saying so doesn't make it so…"). GlenCrest need not further answer Request to Produce 11. National Fire's complaints as to GlenCrest's failure to produce a privilege log are without merit, as National Fire has not shown that the Request to Produce 11 seeks information that is *otherwise discoverable*. *See* Fed. R. Civ. P. 26(b)(5)(A). No privilege log production is required as to Request to Produce 11.

Request to Produce 12

This request seeks all documents relating to communications GlenCrest had with any attorney representing GlenCrest with respect to the Hays Lawsuit. GlenCrest objected solely

---

[14] See footnote 13, *supra*, with regard to the underlying interrogatory.

based on attorney-client privilege. National Fire asserts that no privilege log was produced. Accordingly, to the extent responsive records exist, GlenCrest is ordered to produce an appropriate privilege log in response to Request to Produce 12. *See* Fed. R. Civ. P. 26(b)(5)(A). This must occur by August 18, 2023.

Requests to Produce 24 and 25

Request to Produce 24 seeks all documents relating to payments made by GlenCrest with respect to the Hays Lawsuit. Request to Produce 25 seeks all documents relating to invoices relating to the Hays Lawsuit. GlenCrest responded to both requests by stating: "Objection, unduly burdensome and not tailored to the discovery of admissible evidence. Without waiving, see Loss Run reports."

National Fire asserts that these requests are relevant to the self-insured retention and cooperation issues and are not unduly burdensome. Unfortunately, National Fire continues its pattern of not elaborating on its legal conclusions, and GlenCrest neglected to file a response to this motion. Consequently, the Court is left with conclusory assertions on both sides (National Fire's motion and GlenCrest's discovery responses). Using its discretion, and abiding by the principle that, when a discovery request "appears relevant," the party resisting the discovery has the burden to establish the lack of relevance (*Doe v. Loyola Univ. Chicago*, 2020 WL 406771 (N.D. Ill. 2020)), the Court finds that GlenCrest has failed to establish that these requests are irrelevant and/or not tailored to the discovery of admissible evidence. Further, as previously outlined, boilerplate objections are untenable. *See Kinion Surface Design* at *3. In short, although National Fire does not elaborate on its relevance argument, the Court finds that GlenCrest's payments relating to the Hays Lawsuit appear relevant to the coverage disputes of the instant case. Specifically, the Complaint alleges that GlenCrest failed to meet its self-insured

retention under the policy, so GlenCrest's payment information with respect to the Hays Lawsuit will seemingly be relevant at least to the self-insured retention issue. GlenCrest has failed to dispute this proposition. Thus, GlenCrest is ordered to produce responsive documents to Requests to Produce 24 and 25 by August 18, 2023.

### National Fire's Broad Assertion that GlenCrest Has Not Produced All Documents it Agreed to Produce

Lastly, National Fire broadly asserts that GlenCrest "represented in its responses that documents would be produced. However, GlenCrest has failed to produce all but a few documents. GlenCrest should be ordered to produce the documents it agreed to produce." National Fire does not specify which documents (let alone which discovery requests) are at issue here. It makes little sense that in a motion to compel in which National Fire listed over twenty discovery requests to which supplemental productions were allegedly required, National Fire would neglect to specify additional requests that have yet to be sufficiently answered (allegedly). Therefore, this Court has no specific basis to conclude that GlenCrest is withholding documents it agreed to produce.

### Conclusion

For the reasons set forth above, the Court grants in part and denies in part, Plaintiff's Motion to Compel [75]. The productions ordered herein must be completed by August 18, 2023.

**SO ORDERED.**                                **ENTERED:  August 11, 2023**

*M. David Weisman*

**M. David Weisman**
**United States Magistrate Judge**